UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAN LIGAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 4:06-CV-798 (CEJ) |
| | ) |
| IPD SALES & MARKETING, L.L.C., | ) |
| d/b/a/ ASATI WORLDWIDE, and | ) |
| OOO AIR STRUCTURES AMERICAN | ) |
| TECHNOLOGIES AND INVESTMENT, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court following a show cause hearing prompted by plaintiff's third motion for sanctions. The hearing was held on June 25, 2007, pursuant to an order directing the defendants' attorney and officers to show cause why they should not be held in contempt for violating an order compelling discovery. Appearing in response to the order to show cause were Bruce C. Cohen, the defendants' attorney, and Alexander Kogan, the principal owner and majority shareholder of defendant IPD, LLC, which is the majority shareholder of defendant OOO ASATI.

The defendants have a history of refusing to provide discovery which has been described by the Court in earlier memoranda and on the record at the show-cause hearing. Their refusal to produce documents was willful and in bad faith, and in disobedience to the Court's orders compelling discovery. The Court offered the defendants and their counsel the opportunity to demonstrate why their conduct should not be treated as a contempt of court. After

hearing from Mr. Cohen and Mr. Kogan, the Court finds their proffered reasons for noncompliance wholly unpersuasive and finds that the conduct of the defendants and their counsel was designed to obstruct the plaintiff's legitimate efforts to obtain discovery and was in disregard of the Court's orders compelling discovery.

The defendants admit that they have failed to produce certain financial documents that are responsive to the plaintiff's discovery requests. These documents consist of financial records of defendant OOO ASATI, including documents reflecting the company's sales. In a filing on May 23, 2007, and at the show cause hearing, Mr. Cohen and Mr. Kogan stated that the documents could not be produced because they are in the possession of a Russian government agency that is conducting an audit of the company. According to Mr. Kogan, it is expected that the documents will be inaccessible for the duration of the audit, which could be as long as five years. Mr. Kogan and Mr. Cohen state that the agency will not release the documents without an order from a Russian court. By the time of the hearing, no legal proceedings had been initiated to obtain the documents. For the reasons stated below and at the hearing, the Court questions the credibility of their statements.

In earlier responses to the plaintiff's motions to compel and for sanctions, the defendants and their counsel have maintained that the documents *should not* be produced, either because they are

irrelevant or because they are confidential.[1]  Now, the defendants state that the documents *cannot* be produced because they were impounded for an audit by the Russian government in March 2007. Defendants, however, made no mention of this in their April 11, 2007, memorandum in opposition to the plaintiff's motion for sanctions.  Rather, they stated only that the documents were confidential and were being withheld pending entry of a protective order.  If the true reason for non-production was that the Russian government had made the documents inaccessible, then certainly the defendants and their counsel would have said so on April 11. Additionally, it does not escape the Court's attention that the defendants have produced no document evidencing the purported action of the Russian government or showing that they have made any viable effort to obtain the release of the documents.[2]

---

[1]The defendants did not ask for a protective order, but still asserted confidentiality as grounds for refusing to produce the documents.  When it became clear that the defendants would not produce the documents, the plaintiff took the initiative to submit a proposed protective order that would address the defendants' confidentiality concerns.  The defendants argued against the plaintiff's proposal, but offered nothing in its stead.

[2]On July 2, 2007, the defendants filed a supplemental response to the show cause order, stating that Alexander Kogan was informed on June 27, 2007, that defendant OOO ASATI lacks standing to request the return of its documents from the Russian government.  In an earlier filing on May 23, 2007, and at the show cause hearing, the defendants stated that the documents could be obtained by a Russian court order.  Indeed, Mr. Kogan even offered to execute the necessary authorizations so that the plaintiff could pursue legal procedures in Russia to obtain the documents on his own.  It is disturbing that Mr. Kogan now says that the defendant lacks standing when one week ago he made a contrary representation to the Court.  Equally disturbing is that these contradictions are being presented to the Court by Mr.

Rule 37 of the Federal Rules of Civil Procedure provides that, if a party fails to obey an order to provide discovery, the court "may make such orders in regard to the failure as are just . . ." Fed. R. Civ. P. 37(b)(2). Among other things, the rule authorizes a court to treat a party's failure to comply with an order to provide discovery as a contempt of court. See Fed. R. Civ. P. 37(b)(2)(D). Additional sanctions authorized in Rule 37(b)(2)(C) include striking the pleadings of a noncompliant party and entering judgment by default against that party. Further, Rule 37(b)(2) provides that in lieu of or in addition to any enumerated sanction, the court "shall require" the disobedient party and/or the attorney advising the party to pay the reasonable attorneys' fees and expenses of the opposing party. Before imposing sanctions under Rule 37, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir. 1999)(citation omitted).

---

Cohen, in an apparent violation of Fed. R. Civ. P. 11.
    Attached to the supplemental response is a copy of a "Petition" that Mr. Kogan claims that he filed on June 28, 2007, in an effort to have the documents released by the Russian government. It is impossible to know whether the filing a "Petition" is the appropriate means for securing the return of the documents. Moreover, if it is true that OOO ASATI lacks standing, as Mr. Kogan now claims, then it would seem that this "Petition" is a fruitless effort.

All of the prerequisites for sanctions are present here. The Court has repeatedly ordered defendants to produce documents responsive to plaintiff's requests and has twice imposed monetary sanctions on defendants. On April 23, 2007, the Court found that the defendants' failure to produce the discovery was willful and in bad faith. The Court also warned defendants that continuing failure to produce the documents could result in the imposition of severe sanctions under Rule 37. Further, there is no dispute that the documents at issue are material and essential to the plaintiff's breach of contract claim and that plaintiff has been prejudiced by the recalcitrance of the defendants and their attorney. Without the documents, plaintiff cannot determine the extent of the defendants' sales of air structure products for which he was entitled to receive commissions. Because the defendants and their counsel adopted a mantra of obstruction, the plaintiff has been forced to seek judicial intervention three times to obtain the discovery to which he was clearly entitled. The plaintiff's efforts to complete discovery in a timely manner and to prepare the case for trial have been severely impeded by the refusal of the defendants and their counsel to comply with court orders.

The Court must now determine an appropriate sanction. On two occasions, the Court has ordered the defendants to pay plaintiff's attorneys' fees and expenses, totaling almost $12,000, as a sanction for their failure to provide discovery. However, monetary sanctions alone have not deterred the defendants' disobedience nor dissuaded their counsel from making inaccurate or misleading

statements to the Court. Striking a party's pleadings is an appropriate sanction under Rule 37 "when a party demonstrates 'a blatant disregard of the Court's orders and the discovery rules.'" Chrysler, 186 F.3d at 1020, citing Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993). Although the entry of default judgment should be a "rare judicial act," this sanction is appropriate when a party's "'failure to comply [with discovery] has been due to . . . willfulness, bad faith, or any fault of [the party].'" Comisky, 989 F.2d at 1009, citing Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958), and Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977). "Due process is satisfied if the sanctioned party has a real and full opportunity to explain its questionable conduct before sanctions are imposed." Chrysler, 186 F.3d at 1023 (citation omitted).

The Court has considered the pleadings filed by the defendants and their attorney and the statements they made at the hearing on June 25, 2007. Defendants and their counsel have presented an ever-changing series of explanations for refusing to produce documents that this Court has determined are relevant and has repeatedly ordered them to produce. The defendants and their attorney offer no credible justification for disobeying the orders compelling discovery. Their actions were done in bad faith and with intent to impede the progress of this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for sanctions [# 59] is **granted**.

**IT IS FURTHER ORDERED** that the defendants' answer and pleadings are **stricken** pursuant to Rule 37(b)(2)(C), Fed.R.Civ.P.

**IT IS FURTHER ORDERED** that default judgment shall be entered in favor of plaintiff Jan Ligas, and against defendants IPD Sales & Marketing, LLC, d/b/a ASATI Worldwide, and OOO Air Structures American Technologies and Investment, pursuant to Rule 37(b)(2)(C), Fed.R.Civ.P.

**IT IS FURTHER ORDERED** that plaintiff shall have until **July 16, 2007**, to submit a verified statement of attorneys' fees and expenses reasonably incurred in connection with the motion for sanctions and the show cause hearing.

**IT IS FURTHER ORDERED** that the parties shall appear for a hearing on **Thursday, August 2, 2007, at 10:30 a.m.**, to determine the amount of damages to be awarded under the judgment.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of July, 2007.